UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GREGORY WELCH, | Civil No. 06-3097 (ADM/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| MIKE GREEN, and<br>Warden JESSICA SYMMES, | |
| Respondent. | |

Petitioner commenced this action by filing an application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be DISMISSED WITHOUT PREJUDICE.

On July 25, 2006, Petitioner filed a habeas corpus petition that presented various claims pertaining to his incarceration by the Minnesota Department of Corrections. It was readily apparent to the Court, however, that Petitioner was not actually challenging the fact or duration of his confinement, but rather, he was challenging only the conditions of his confinement. Because habeas corpus is not an appropriate remedy for a prisoner's "conditions of confinement" claims, the original petition was summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. (See Order dated July 26, 2006; [Docket No. 3].)

Petitioner was granted leave to file an amended pleading, to be prepared and submitted as a non-habeas civil rights complaint. He was also directed to pay the filing fee for a non-habeas civil action, or else apply for leave to proceed in forma pauperis, ("IFP"),

and pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). The Court's order expressly advised Petitioner that if he did not file an amended pleading, and pay his filing fee, (or satisfy the requirements for proceeding IFP), by August 21, 2006, he would be deemed to have abandoned this action, and it would be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

The deadline for complying with the Court's prior order has now expired, and Petitioner has not filed a civil complaint, nor has he taken any action to resolve the filing fee matter. Indeed, Petitioner has not communicated with the Court at all since he filed his original habeas corpus petition. Therefore, it is now recommended, in accordance with the Court's prior order, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: August  29 , 2006                    s/ *Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 18, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.